UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PERCY D. RILEY,                          )
                                         )
                    Plaintiff            )
                                         )        CAUSE NO. 3:05-CV-424 RM
         vs.                             )
                                         )
MARK GERARDOT, *et al.*,                 )
                                         )
                    Defendants           )

OPINION AND ORDER

Percy D. Riley, a *pro se* prisoner, submitted a complaint under 42 U.S.C. §
1983 and a more definite statement pursuant to FED. R. CIV. P. 12(e). Pursuant to
28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and
dismiss it if the action is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief against a defendant who is immune
from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a
complaint, or any portion of a complaint, for failure to state a claim upon which
relief can be granted. Courts apply the same standard under § 1915A as when
addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir.
2000).

A claim may be dismissed only if it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would
entitle him to relief.  Allegations of a pro se complaint are held to less
stringent standards than formal pleadings drafted by lawyers.
Accordingly, pro se complaints are liberally construed.
    In order to state a cause of action under 42 U.S.C. § 1983, the
Supreme Court requires only two elements:  First, the plaintiff must
allege that some person has deprived him of a federal right.  Second,
he must allege that the person who has deprived him of the right

acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Riley alleges that without a warrant or probable cause, Officer Mark Gerardot put a gun to his head, pulled his pants down, stuck his finger into the crack of his buttocks, and removed a package containing crack cocaine. Mr. Riley now brings this suit for monetary damages based on this alleged illegal search in violation of the Fourth Amendment. This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) which provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof  "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-7 (1994). Were Mr. Riley to succeed in this case, he would undermine his criminal conviction for possession of the crack cocaine because if that evidence was seized in violation of the Fourth Amendment, then it would not have been admissible in his criminal prosecution. Murray v. United States, 487 U.S. 533, 536 (U.S. 1988) ("The exclusionary rule prohibits introduction into evidence of

tangible materials seized during an unlawful search . . ..”). Therefore, without that evidence his criminal conviction would be undermined, but <u>Heck</u> requires that such issues be resolved first in a criminal proceeding, appeal, post-conviction relief, habeas corpus, or other similar proceeding. That having not yet happened, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September 6 , 2005

<u>     /s/ Robert L. Miller, Jr.     </u>
Chief Judge
United States District Court

3